T.C. Summary Opinion 2009-171

UNITED STATES TAX COURT


COURTNEY A. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24080-07S.                 Filed November 23, 2009.


Courtney A. Brown, pro se.

<u>L. Katrine Shelton</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes and penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|---------------------|
| 2004 | $29,263 | $5,852.60 |
| 2005 | 6,172 | 1,234.40 |

After concessions by both parties, the sole issue remaining for decision is whether equipment petitioner purchased in 2002 and 2003 was placed in service in 2004.

## Background

Some of the facts have been stipulated and are incorporated herein by this reference. Petitioner resided in California when he filed his petition.

During 2002 petitioner was employed full time as an electrical engineer, designing audio equipment such as synthesizers, audio mixers, recording studio consoles, and multimedia processors for computers. Petitioner, however, desired to go into business for himself and also operated a studio recording business. He operated this business as a sole proprietorship until it was organized in 2003 as Best of Cabaret, L.L.C. (Best of Cabaret), a single-member limited liability company treated as a disregarded entity for Federal tax purposes.

During 2004 petitioner no longer worked as an electrical engineer and operated his studio recording business on a full-time basis.

Petitioner purchased computer and musical equipment (the equipment) for his business in 2002, 2003, and 2004. He tested some of the equipment before 2004 to gain familiarity with it, but the equipment was not fully functional until it was interconnected in 2004. The equipment was not used in petitioner's business until 2004, and petitioner considered the equipment as placed in service during 2004. Petitioner claimed a section 179 deduction on his 2004 return and computed his depreciation deductions for 2004 and 2005 accordingly. His depreciation and section 179 deductions totaled $22,832 in 2004 and $22,275 in 2005.

On July 17, 2007, respondent sent petitioner a notice of deficiency determining, inter alia, that the equipment purchased in 2002 and 2003 was not placed in service in 2004. Respondent therefore disallowed the section 179 deduction and recomputed petitioner's depreciation. On the basis of these recalculations, petitioner's claimed depreciation and section 179 deductions were disallowed in the amounts of $3,417 in 2004 and $14,505.48 in 2005.

On October 19, 2007, petitioner filed a timely petition challenging respondent's determinations. The parties have resolved by agreement all issues except whether petitioner's

equipment purchased in 2002 and 2003 was placed in service during 2004.

Discussion

Section 167 provides for a depreciation deduction for the exhaustion, wear and tear, or obsolescence of property used in a trade or business. For tangible property, the deduction is computed by reference to the applicable depreciation method, recovery period, and convention. Sec. 168(a). The period of depreciation begins when the asset is placed in service. Sec. 1.167(a)-10(b), Income Tax Regs.

In addition, section 179 allows a taxpayer to elect to deduct as a current expense, within certain dollar limitations, the cost of section 179 property in the year such property is placed in service. Sec. 179(a) and (b). In order to qualify as section 179 property, it must, inter alia, be acquired by purchase for use in the active conduct of a trade or business. Sec. 179(d)(1). For purposes of section 179, "trade or business" has the same meaning as in section 162 and the regulations thereunder, and therefore property held merely for the production of income or used in an activity not engaged in for profit does not qualify as section 179 property. Sec. 1.179-2(c)(6)(i), Income Tax Regs.

"Placed in service" means the time that property is first placed by the taxpayer in a condition or state of readiness and

availability for a specifically assigned function, whether for use in a trade or business, for the production of income, in a tax-exempt activity, or in a personal activity. Secs. 1.167(a)-11(e)(1)(i), 1.179-4(e), Income Tax Regs.

Petitioner purchased the equipment from 2002 to 2004 for use in his studio recording business. Petitioner contends that the equipment was not used until 2004 and was therefore placed in service that year.

Respondent contends the equipment was placed in service in 2002 and 2003 because petitioner tested some pieces of equipment before 2004. Respondent argues that the equipment was thus ready and available for its specifically assigned function at that time. We agree with petitioner.

Individual components are treated as a single property for tax purposes when they are functionally interdependent. Armstrong World Indus., Inc. v. Commissioner, 974 F.2d 422, 430 (3d Cir. 1992), affg. T.C. Memo. 1991-326; FPL Group, Inc. & Subs. v. Commissioner, T.C. Memo. 2005-208. Regardless of the amount of testing petitioner performed on each individual component, the equipment was not capable of performing its assigned function until interconnected and capable of supporting the operation of the studio. Each piece of equipment was thus essential to the operation of the studio as a whole and was not useful or able to be used to operate a business by itself. See

Consumers Power Co. v. Commissioner, 89 T.C. 710 (1987)
(reservoir was an inseparable part of a hydroelectric plant);
Siskiyou Commcns., Inc. v. Commissioner, T.C. Memo. 1990-429
(DMS-10 switch and toll carriers were part of an integrated
telephone system).

Accordingly, we hold that the equipment petitioner
purchased in 2002 and 2003 was placed in service in 2004 and that
petitioner is entitled to the depreciation and section 179
deductions claimed on his 2004 and 2005 returns.

We have considered all of the parties' contentions,
arguments, requests, and statements.  To the extent not discussed
herein, we conclude that they are irrelevant, moot, or without
merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.